**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

Stefani C Schwartz, Esq.(014661996)
HATFIELD SCHWARTZ LAW GROUP LLC
240 Cedar Knolls Road, Suite 303
Cedar Knolls, NJ 07927
Phone: (973) 737-8315  Fax: (973) 737-8315
Email: sschwartz@hatfieldschwartzlaw.com
Attorney for Defendants, Attorney for
Defendants, Aaron L. Ram and RE/MAX
Real Estate Limited

| | |
|---|---|
| RICHARD M. ZELMA,<br><br>              Plaintiff,<br><br>v.<br><br>AARON L. RAM, INDIVIDUALLY;<br>AND D/B/A, RE/MAX AND<br>ASSOCIATED BRANDED OPERATIONS;<br>AND REAL ESTATE LIMITED, INC.,<br>D/B/A RE/MAX OF ORADELL, AND<br>TELEMARKETER(S) CALLING FROM<br>GOOGLE NUMBERS, SPOOFED<br>NUMBERS; AUTODIALED NUMBERS<br>AND DOES' (1-10) AND ABC<br>CORPORATIONS' (1-10); EACH<br>ACTING JOINTLY OR SEPARATELY,<br><br>              Defendants. | Civil Case No.<br><br>From the:<br>Superior Court of New Jersey,<br>Law Division, Bergen County<br>Docket No. BER-L-005478-25<br><br>*Electronically Filed*<br><br>**NOTICE OF REMOVAL TO THE**<br>**UNITED STATES DISTRICT COURT FOR**<br>**THE DISTRICT OF NEW JERSEY** |

TO:  THE CLERK AND THE HONORABLE JUDGES
     OF THE UNITED STATES DISTRICT COURT
     FOR THE DISTRICT OF NEW JERSEY

     Defendants, Aaron L. Ram and RE/MAX Real Estate Limited,

("Defendant-RE/MAX" or "Defendants"), hereby file the within

Notice of Removal, pursuant to 28 U.S.C. § 1441, of this action

from the Superior Court of New Jersey, Law Division, Bergen County,

Docket No. BER-L-005478-25, ("State Action") in which it is now pending, to the United States District Court for the District of New Jersey, Newark Vicinage. Removal of this matter from the Superior Court of New Jersey to the United States District Court is proper for the reasons set forth below:

1.   On August 24, 2025, Richard M. Zelma ("Plaintiff") commenced a civil action in the Superior Court of the State of New Jersey, Law Division, Bergen County, captioned <u>Richard M. Zelma v. Aaron L. Ram, Individually; and d/b/a, RE/MAX and Associated Branded Operations; and Real Estate Limited, Inc., d/b/a RE/MAX of Oradell, and Telemarketer(s) calling from Google Numbers, Spoofed Numbers; Autodialed Numbers and Does' (1-10) and ABC Corporations' (1-10); each acting jointly or separately,</u> by filing a Complaint, which was docketed BER-L-005478-25 annexed hereto as Exhibit A. Defendant accepted service of the Complaint on August 18, 2025. (See Exhibit B).

2.   Defendant Aaron L. Ram is a natural person residing in Forest Hills, New York. Defendant RE/MAX Real Estate Limited (improperly captioned as Real Estate Limited, Inc,. d/b/a RE/MAX of Oradell) is incorporated in the State of New Jersey. Defendant-RE/MAX's principal place of business is located at 297 Kinderkamack Road, Oradell, New Jersey. Plaintiff, Richard Zelma, resides in New Jersey. <u>See</u> Complaint, ¶¶ 3-5.

3.    In the Complaint, Plaintiff asserts causes of action for various violations of federal statute the Telephone Consumer Protection Act ("TCPA"), specifically the following portions of the statute: 47 U.S.C. § 227(b)(1)(B); 47 U.S.C. § 227 (c)(3)(F); and 47 U.S.C. § 227(c)(5)(C).

4.    Plaintiff further avers violations of the Federal Communications Commission Caller Identification Rules in violation of 47 C.F.R. § 64.1200(a)(3); and 47 C.F.R. § 64.1601(e).

5.    Plaintiff further avers violations of the New Jersey law including the New Jersey no-call law in violation of N.J.A.C. § 13:45D-3.1; N.J.A.C. § 11:5-4.2; N.J.A.C. § 13:45D-2.1; and N.J.A.C. § 13:45F-4.2.

6.    Plaintiff further avers violations of the Consumer Fraud Act in violation of N.J.S.A. § 56:8-128(a)-(d); N.J.S.A. § 56:8-121(a)-(b); and N.J.S.A. § 45:15-16.97.

7.    As of this date, Defendants have not filed a responsive pleading in the underlying state action commenced by Plaintiff in the Superior Court of New Jersey, Law Division, Bergen County.

8.    Defendants are entitled to the removal of this matter as this Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 (federal question) and pursuant to 28 U.S.C. § 1367(a) (supplemental jurisdiction) since the State law claims are so related to the Federal claims that they form part of the same case under the United States Constitution.

9.    Defendants are entitled to the removal of this matter, pursuant to 28 U.S.C. § 1446(b), as this Petition of Removal has been filed within thirty (30) days of service of the Complaint in the state action.

10.    This matter is therefore properly removed to this Court, pursuant to 28 U.S.C. § 1441(a), because the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.

11.    Accordingly, this matter should be removed to the United States District Court for the District of New Jersey by virtue of the provisions of 28 U.S.C. § 1441.

12.    The documents annexed hereto comprise all of the pleadings filed in the State Court in this matter.

13.    Simultaneously with the filing of this Petition of Removal, Defendants have given written notice of the removal to Plaintiff and the Clerk of the Superior Court for Bergen County, New Jersey pursuant to 28 U.S.C. § 1446(d).

14.    Defendants reserve all defenses available to them at law, in equity or otherwise.  Defendants do not waive any defenses available to them by filing the instant Petition of Removal.

**WHEREFORE,** Defendants respectfully request that this action, now pending in the Superior Court, Law Division, Bergen County, be removed to the United States District Court for the District of New Jersey.

HATFIELD SCHWARTZ LAW GROUP LLC
*Attorneys for Defendants*


By: /s/ *Stefani C Schwartz*
STEFANI C SCHWARTZ, ESQ.

Dated: September 16, 2025

# Exhibit A

08/10/25
Batch 600
CT 258808312
$250

RICHARD M. ZELMA
Richard M. Zelma, *Pro Se*
940 Blanch Avenue
Norwood, New Jersey 07648
TCPALAWRZ@gmail.com
Tel: 201 767 8153

| | |
|---|---|
| **RICHARD M. ZELMA PLAINTIFF**<br>**VS.**<br>**AARON L. RAM, INDIVIDUALLY; and d/b/a, RE/MAX and ASSOCIATED BRANDED OPERATIONS;**<br>**and**<br>**REAL ESTATE LIMITED, INC., d/b/a REMAX of ORADELL,**<br>**and**<br>**TELEMARKETER(S) CALLING FROM GOOGLE NUMBERS, SPOOFED NUMBERS; AUTODIALED NUMBERS and DOES' (1-10) and ABC CORPORATIONS' (1-10); EACH ACTING JOINTLY OR SEPARATELY.**<br>**DEFENDANTS'** | **SUPERIOR COURT OF NEW JERSEY**<br>**BERGEN COUNTY**<br>**LAW DIVISION**<br>**DOCKET NO.: BER-L-**<br><br>**COMPLAINT FOR STRICT LIABILITY STATUTORY DAMAGES UNDER THE TELEPHONE CONSUMER PROTECTION ACT;**<br><br>**PROHIBITED USE OF AN AUTODIALER**<br><br>**STATUTORY TREBLED DAMAGES;**<br><br>**VIOLATIONS: NEW JERSEY NO-CALL-LAW;**<br><br>**VIOLATIONS: CALLER ID PROSCRIPTIONS;**<br><br>**PERMANENT INJUNCTIVE RELIEF.** |

## I.   INTRODUCTION

**1.** Plaintiff, Richard M. Zelma, brings this action under the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 et seq., its implementing regulations at 47 C.F.R. § 64.1200 et seq., and relevant New Jersey statutes including N.J.A.C. § 13:45D-4.1, N.J.S.A. § 2A:156A-4, and the Consumer Fraud Act, N.J.S.A. §§ 56:8-128(b) & (d).

These provisions collectively prohibit unsolicited telemarketing calls, whether manually or automatically dialed, as well as using misleading Caller ID when contacting numbers listed on the National Do-Not-Call Registry.

**2.** Defendants placed multiple unsolicited telemarketing calls to Plaintiff's residential line using autodialing technology and spoofed Caller ID. These calls were made without prior consent, without internal Do Not Call procedures, and without the required registration with the New Jersey Division of Consumer Affairs. Plaintiff's investigation confirmed that neither Defendant appears in the Division's public registration database, in violation of N.J.S.A. § 56:8-121(a)-(b).

## II.  PARTIES

### PLAINTIFF

**3.** Plaintiff Richard M. Zelma, hereinafter ('Plaintiff' or 'Zelma', is a natural person as defined under 47 USC §153(39), is a resident of New Jersey and is the subscriber to the residential phone number at issue.

### DEFENDANT RAM

**4.** Defendant Aaron L. Ram, hereinafter ("Ram", "RE/MAX", "Associated Branded Operations" or "Defendant"), is a natural person residing at 103-08 Metropolitan Avenue, Forest Hills, New York. Ram is a licensed real

2

- -

estate agent in both New York and New Jersey and qualifies as a "person" under 47 U.S.C. § 153(39).

## DEFENDANT RE/MAX

5.   Defendant Real Estate Limited, Inc., d/b/a REMAX of Oradell (hereinafter, "REMAX", "RE/MAX" or "Defendant") is a corporate entity organized under the laws of the State of New Jersey and located at 297 Kinderkamack Rd, Oradell, N.J. 07649. REMAX is a "person" under 47 U.S.C. § 153(39) and is subject to liability for telemarketing activity conducted by its agents, owners and affiliates. Edith Josephson is listed as the Broker/Owner and registered agent for this office, and service may be made at that location.

6.   Unless otherwise stated; any claim or allegation asserted against one Defendant shall be deemed asserted against both Defendants' jointly and severally, regardless of whether both are expressly named in that section.

## III. JURISDICTION AND VENUE

7.   Plaintiff resides in Bergen County, New Jersey, and received multiple unsolicited telemarketing calls initiated by Defendants into this jurisdiction.

8.   Defendants placed outbound solicitation calls to Plaintiff's residential landline without prior express

consent and without registering with the New Jersey
Division of Consumer Affairs, in violation of N.J.S.A. §
56:8-121.

**9.** Jurisdiction is proper under New Jersey law
governing consumer protection, telemarketing conduct, and
deceptive practices. Venue is proper in this Court because
the unlawful activity occurred within this District and
caused harm to a New Jersey resident.

**10.** Plaintiff does not assert federal jurisdiction
under 28 U.S.C. § 1331 and reserves all rights to proceed
under New Jersey law and the private right of action
authorized by 47 U.S.C. § 227(b)(3) and § 227(c)(5), which
may be adjudicated in state court.

## IV. <u>ACTS OF AGENTS</u>

**11.** Defendants are legally responsible for the acts
and omissions of their agents acting within the scope of
their authority. This includes both actual and apparent
authority, as recognized under established principles of
agency law.

**12.** Under the Restatement (Third) of Agency § 7.03, a
principal is subject to liability for the torts of its
agents committed within the scope of employment. Further,
§ 2.01 and § 2.03 confirm that a principal is bound by
acts of an agent when the agent acts with actual authority

or when the principal's conduct causes a third party to reasonably believe the agent has authority.

13.  Defendants' liability is not limited to direct participation. Where agents acted on behalf of Defendants, whether in communications, representations, or procedural decisions, Defendants are deemed to have acted. Ratification is established where Defendants accepted the benefits of those acts, failed to repudiate them, or continued the course of conduct with knowledge of material facts. *See:* Restatement (Third) of Agency § 4.01.

14.  To the extent Defendants attempt to disclaim responsibility, such disclaimers are legally ineffective where the agent's conduct was foreseeable, repeated, and undertaken in furtherance of the principal's interests.

## V.  <u>FACTUAL BACKGROUND</u>

15.  Defendant Ram, called Plaintiff's landline phone number [201] XXX– twice, May 22 and June 6, 2025, more fully described below. Plaintiff returned the call and spoke with Ram, who identified himself as a REMAX agent. Ram claimed to be a New Jersey licensed real estate agent; licensed under REMAX of Oradell NJ; claimed he provided a '**<u>service</u>**' to assist in the process of selling homes and asked Plaintiff if "he was interested in selling his home".

16.    Rams calls are defined as solicitations. At no point did Ram disclose whether he was acting as a referral agent, lead generator, investor, or listing agent. Plaintiff was not required to inquire about Ram's role; the obligation to disclose material facts rests with the solicitor.[1]

17.    Plaintiff has never had a business relationship with Defendants. Ram's cold calls, allegedly backed, agreed to, and supported by the brokerage he claimed to be licensed under, Real Estate Limited, Inc. d/b/a REMAX of Oradell, impose shared liability for his conduct.

18.    Upon information and belief, and as stipulated by Ram, REMAX of Oradell is a real estate brokerage with agents operating under its license, including referral agents who may be out-of-state and provide leads to in-state agents.

19.    Real estate professionals in New Jersey must comply with rules set by the Department of Banking and Insurance. Ram's claim of active licensure under REMAX of Oradell renders REMAX liable under agency principles.

20.    Plaintiff did not initially answer the subject

---

[1]   See N.J.A.C. 11:5-6.4 and N.J.S.A. 45:15-17(n), which require licensed real estate professionals to disclose their role and capacity in any solicitation or transaction. Failure to do so may constitute misrepresentation or deceptive conduct under New Jersey law.

6

calls. His carrier, Verizon, alerted him to two incoming calls from number [201] 431-5529, displaying "REMAX." Plaintiff returned the most recent call and spoke with Ram for approximately twenty minutes.

21.   During that conversation, Ram confirmed his affiliation with REMAX of Oradell and disclosed that the calls were placed using the Mojo Power Dialing platform. Ram was uncertain whether he had subscribed to the Do Not Call registry. These admissions support the allegations of telemarketing solicitation and provide context for his dialing practices and branding choices.

22.   Ram's calls displayed inaccurate Caller ID information, including "REMAX" alongside number [201] 431-5529, which is registered to Google (Grand Central), not to Ram.

23.   REMAX did not initiate the calls; Ram placed them using Google-sourced numbers as part of his personal campaign. When asked whether he knew Plaintiff's number was on the Do Not Call list, Ram stated that Mojo Power Dialing was responsible for scrubbing such numbers, but later admitted he was unsure if this had occurred.

24.   Ram's reliance on Mojo to perform DNC scrubbing, despite admitting uncertainty, reflects an attempt to

7

delegate compliance. Such delegation does not shield liability under the TCPA. Compliance with telemarketing law is a non-delegable duty. Defendants neither sought nor obtained prior consent to call using an autodialer to initiate the calls.

25.   During conversation following the second prohibited call, Ram reiterated his reliance on Mojo to avoid dialing numbers on the National Do Not Call Registry. He remained uncertain however, whether he personally subscribed to the registry.

26.   Shortly after, Plaintiff sent multiple emails to REMAX corporate, including broker/owners identified from REMAX Corporate and through the New Jersey real estate registry. Edith Josephson and other affiliated entities were all notified. To date, no response was ever received from those parties.

27.   The FCC and federal courts have made clear that telemarketing violations occur upon the act of calling, regardless of whether the call is answered or a conversation ensues. Specifically:

> "A call that delivers a prerecorded message is made, whether or not conversation ensues." Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 10 FCC Rcd 12391, ¶ 13 (1995)

.

> "Calls placed to numbers on the national do-not-call list
> are unlawful regardless of whether the call is answered by
> a consumer." Rules and Regulations Implementing the
> Telephone Consumer Protection Act of 1991, FCC 03-153,
> ¶ 174 (2003).

> "A call placed to a number on the Do Not Call Registry is a
> violation of the TCPA, even if no one answers the call."
> *Krakauer v. DISH Network, LLC*, 925 F.3d 643, 653 (4th
> Cir. 2019).

28.    Where Plaintiff identifies actionable violations by Ram, such conduct equally implicates REMAX of Oradell under principles of agency, constructive liability, and supervisory responsibility.

## VI.    VIOLATIONS OF FEDERAL LAW
### 47 U.S.C. §227(c)(3)(F)

29.    The Telephone Consumer Protection Act (TCPA), 47 U.S.C. §227(c), prohibits telephone solicitations to numbers listed on the National Do Not Call Registry unless the caller has prior express permission or an established business relationship.

30.    Defendant Ram initiated telemarketing calls to Plaintiff's residential number, which has been continuously listed on the National Do Not Call Registry since 2003.

31.    These calls were made to solicit services and were neither exempt nor permitted under the statute. Defendant

9
- -

Ram knowingly or willfully violated 47 U.S.C. §227(c)(3)(F).

## 47 U.S.C. §227(b)(1)(B)

**32.** Defendant used a commercial platform offering autodialing, call recording, and optional DNC scrubbing.

**33.** Plaintiff's number is listed on the National Do Not Call Registry. Ram's autodialed calls to Plaintiff's residential line, made without prior express written consent, violated 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(3).

## Use of Automated Dialing System

**34.** Upon information and belief, and based on Defendant Ram's own admissions, Ram employed Mojo Dialing Solutions, a commercial auto-dialing platform designed for high-volume outbound calls. The system utilizes predictive dialing, multi-line capability, and integration with third-party lead sources to initiate calls to pre-compiled numbers without human intervention.[2] These features meet the statutory definition of an automatic telephone dialing system (ATDS) under 47 U.S.C. §227(b)(1)(B) and corresponding FCC regulations.

---

[2]  "Seamless integration with the Mojo Dialer: Mojo Data is fully integrated with the Mojo Dialer, creating a seamless workflow that eliminates the need for manual data entry. With just a few clicks, you can import your leads directly into the Mojo platform and begin dialing them in your CRM. This integration allows you to spend less time managing data and more time actively prospecting and engaging with leads."

35.    Courts have held that systems which generate and store sequential numbers for dialing may qualify as ATDS. *See: MacDonald v. Brian Gubernick PLLC*, No. CV-20-00138-PHX-SMB, 2021 U.S. Dist. LEXIS 216788, at *5 (D. Ariz. Nov. 8, 2021).

### 47 CFR 64.1601(e)

36.    Defendant Ram initiated at least two telemarketing calls in which the Caller ID was manipulated to display "REMAX" as the calling party and "[201] 431-5529" as the originating number.

37.    The number displayed, [201] 431-5529, is not assigned to either Defendant. It is registered to Google (Grand Central), which forwards calls to Mr. Ram. The displayed identity falsely suggested affiliation with REMAX, despite no corporate ownership or assignment of the number.

38.    Under 47 C.F.R. §64.1601(e), any person or entity engaging in telemarketing must transmit accurate caller identification information, including "the name of the telemarketer" or "the name of the seller" benefiting from the call. Neither identity was accurately displayed. The manipulation appears intentional, designed to mislead the recipient and obscure liability.

Courts have affirmed that §64.1601(e) is enforceable under the TCPA and applies broadly to telemarketing calls. See <u>Dobronski v. SelectQuote,</u> 2025 WL 900439, at *2 (E.D. Mich. Mar. 25, 2025) ("47 C.F.R. §64.1601(e) is enforceable under the TCPA and applies to all telemarketing calls, not just those involving prerecorded messages or texts."); <u>Newell v. JR Capital, LLC</u>, 2025 WL 945216 (E.D. Pa. July 16, 2025) (affirming private right of action for failure to transmit required identification); <u>Worsham v. Lifestation</u>, 2021 WL 5358876, at *15 (Md. Ct. Spec. App. 2021) (upholding enforcement of caller ID and DNC compliance regulations by private plaintiffs).

## VII.   VIOLATIONS OF NEW JERSEY STATE LAW

**39.**   Each call received violated the New Jersey no-call law, N.J.A.C. §13:45D-3.1, and the Consumer Fraud Act, N.J.S.A. §56:8-128(a)-(d).

**40.**   Defendants knowingly initiated unlawful calls to Plaintiff's residential line, in concert and for mutual financial benefit, in violation of New Jersey State Law.

**41.**   Plaintiff searched the New Jersey Division of Consumer Affairs' public registry and found no record of either Defendant being registered to conduct telemarketing or telephone solicitation in New Jersey.

**42.**   This failure to register violates N.J.S.A. §56:8-121(a)-(b), which mandates registration for any person or entity engaging in telemarketing to New Jersey residents.

- -
(COMPLAINT FOR DAMAGES)
Zelma V. Ram and REMAX; Case No.:

**43.** Defendants initiated, directed, or benefited from unlawful solicitations made without the required registration, in violation of New Jersey law. *Id.*

**44.** Ram initiated two unlawful cold-calls to Plaintiff's landline, May 22 and June 6, 2025, without prior express written consent, despite Plaintiff's registration on the Federal Do Not Call Registry since 2003.

**45.** Ram did not disclose any disclaimer, affiliation, or basis for contacting Plaintiff, despite his use of MoJo, a commercial dialing platform that provides outbound call tools, lead compilation services, and automated contact features. These functionalities are designed to facilitate telemarketing and solicitation, triggering the disclosure requirements under N.J.A.C. §13:45D-2.1 and §13:45D-4.2.

**46.** During the June 6, 2025 call, Ram only stated he was "licensed under Remax," without disclosing whether he was acting as a referral agent, lead generator, or direct solicitor. This omission concealed the nature of his role in initiating the prior calls and constitutes a deceptive practice under N.J.S.A. §56:8-2. Ram's failure to clarify his function, coupled with the absence of any disclaimer or notice, supports Plaintiff's claim of willful and

13

knowing violation of New Jersey's consumer protection laws.

**47.** REMAX is responsible for the conduct of its agents. Ram acted as an agent and licensee affiliated with REMAX. Under N.J.S.A. §45:15-16.97 and N.J.A.C. §11:5-4.2, REMAX bore a legal duty to supervise Ram's activities and ensure regulatory compliance. REMAX and its agents, including Mr. Ram, are independently liable for the misconduct alleged herein.[3]

### VIII.   PUNITIVE DAMAGE ALLEGATION

**48.** Plaintiff seeks punitive damages against Defendants for their willful and knowing violations of New Jersey's Consumer Fraud Act and related telemarketing statutes. Defendants' failure to register and their use of misleading branding and third-party agents constitute knowing violations of applicable statutes.

**49.** These acts reflect actual malice or a wanton and willful disregard for Plaintiff's rights, warranting punitive damages under N.J.S.A. §2A:15-5.9 and §56:8-2. Courts have upheld punitive damages where defendants engaged in systematic deception or omitted material

---

[3]    N.J.S.A. 45:15-16.97 ("Every licensed real estate broker shall supervise the activities of their licensees and employees and shall be responsible for the actions of all licensees associated with them"), and N.J.A.C. 11:5-4.2(a) (requiring brokers to "establish and maintain a supervisory structure" to ensure compliance with professional standards and legal obligations).

facts. See _Lettenmaier v. Lube Connection_, 714 A.2d 1289 (App. Div. 1998); _Chattin v. Cape May Greene_, 243 N.J. Super. 590 (App. Div. 1992), aff'd 124 N.J. 520 (1991).

50.    Punitive damages are necessary to deter future misconduct and to hold Defendants accountable for their systemic disregard of consumer protections and statutory obligations.

51.    Plaintiff requests punitive damages in an amount to be determined at trial, in addition to statutory and compensatory relief.

## IX.    THIS COURT'S POWER TO GRANT RELIEF
## 47 U.S.C. §227(b)(3)(A)

52.    47 U.S.C. §227(b)(3)(A) empowers this Court to grant Permanent Injunctive Relief and other ancillary relief to prevent and remedy any future violation by the Defendants' of any provision of law enforced by the FCC or New Jersey State Law that protects Plaintiff.

53.    Plaintiff will continue to suffer unwelcome harassment along with distress and disruption to household peace if the Defendants' are permitted to continue to engage in their prohibited practices, absent judicial intervention in the form of Permanent Injunctive Relief.

54.    Accordingly, Plaintiff has a cause of action against the Defendants' and each of them and hereby seeks

relief under the TCPA's Strict Liability statutory trebled damage award along with applicable State Law claims as well as Permanent Injunctive Relief pursuant to the foregoing, against the Defendants'.

**COUNT I: <u>VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA)(47 U.S.C. §227(c)(5)(C); 47 C.F.R. §64.1200(c))</u>**
**<u>UNLAWFUL TELEMARKETING TO A NUMBER LISTED ON THE NATIONAL DO NOT CALL REGISTRY</u>**

55.    Plaintiff incorporates by reference paragraphs One through Fifty-Four as if fully set forth herein.

56.    The TCPA and its regulations, codified at 47 C.F.R. §64.1200(c), prohibit, among other conduct, initiating telemarketing calls of any kind to a residential phone number registered with the Federal no-call registry.

57.    The defendants repeatedly initiated calls to Plaintiffs number that had been placed on the FTC no-call-registry since inception, 2003.

58.    Plaintiffs no-call-request mirrors the federal registry with the New Jersey no-call-list of 2004, and was ignored and violated by the defendants.

59.    The defendants did not subscribe to the FTC registry, resulting in repeated calls to Plaintiff.

**60.** Defendant Ram admitted uncertainty about compliance with the Do Not Call registry, yet initiated calls, supporting a finding of willfulness.

**61.** Each of the Defendants calls were not emergencies but purposely initiated to plaintiff for marketing purposes and violated the proscriptions of 47 U.S.C. §227(c)(5)(C).

**62.** The defendants never implemented or established a no-call policy; neither of them registered with the State of New Jersey to solicit consumers in the forum state; they did not inform or train their agents or employees in compliance and use of the no-call registry.

**WHEREFORE,** Plaintiff demands judgment against Defendants and seeks statutory damages under each count for distinct violations arising from the same calls, without duplicative recovery, as follows:

Plaintiff respectfully requests judgment in the amount of $3,000.00, representing statutory trebled damages of $1,500.00 per call for two (2) telemarketing calls made in willful or knowing violation of the Telephone Consumer Protection Act.

### COUNT II: <u>VIOLATION OF THE TCPA</u>
<u>AUTODIALER USE WITHOUT CONSENT (47 U.S.C. §227(b)(1)(B))</u>

17

63.    Plaintiff realleges and incorporates by reference the allegations contained in paragraphs One through Sixty-Two as if fully set forth herein.

64.    Defendant Ram initiated telemarketing calls to Plaintiff's residential telephone line using Mojo Dialing Solutions, a commercial dialing platform that meets the definition of an automatic telephone dialing system (ATDS) under applicable FCC regulations.

65.    The calls were placed without Plaintiff's prior express written consent, as required under 47 U.S.C. §227(b)(1)(B) and 47 C.F.R. §64.1200(a)(3).

66.    Mojo Dialing Solutions enables predictive dialing, sequential number generation, and call automation features that qualify it as an ATDS under FCC interpretations and relevant case law.

67.    During a phone conversation with Defendant Ram, Plaintiff was informed that the Mojo Dialer platform provided Ram with contact information for homeowners in a selected geographic area. This statement demonstrates that Mojo Dialer was used not merely to place calls, but to generate targeted residential leads based on property ownership.

68.    Mojo's official marketing materials corroborate this functionality, describing the platform as providing "accurate, quality lead data" and enabling users to "access real-time information on property owners" in specific zones. (publicly described by Mojo) These facts support the allegation where a Mojo Dialer meets the definition of an automatic telephone dialing system under 47 U.S.C. §227(b)(1)(B) and applicable FCC regulations.

69.    Defendant violated 47 U.S.C. §227(b)(1)(B) by initiating at least two telephone calls to Plaintiff's residential landline using the Mojo Power Dialer platform, which courts have found sufficient to allege autodialer use under the TCPA. See _MacDonald v. Brian Gubernick PLLC_, CV-20-00138-PHX-SMB (D. Ariz. Nov. 8, 2021).

70.    As a result of Defendant's unlawful conduct, Plaintiff suffered violations of privacy, disruption of residential peace, and statutory harm under the TCPA, entitling him to damages and injunctive relief.

71.    Defendant REMAX is vicariously liable for the autodialed calls under principles of agency and ratification, as it failed to take corrective action despite knowledge of the conduct and benefited from the branding and lead generation.

**WHEREFORE,** Plaintiff demands judgment against Defendants and seeks statutory damages under each count for distinct violations arising from the same calls, without duplicative recovery, as follows:

Plaintiff respectfully requests judgment in the amount of $3,000.00, representing statutory trebled damages of $1,500.00 per call for two (2) autodialed calls made in violation of the TCPA.

### COUNT THREE:   VIOLATION OF FCC
### CALLER IDENTIFICATION RULES (47 C.F.R. §64.1601(e))

**72.** Plaintiff realleges and incorporates by reference the allegations contained in paragraphs One through Seventy-One as if fully set forth herein.

**73.** Defendant Ram initiated telemarketing calls to Plaintiff's residential telephone line using misleading Caller ID information.

**74.** The Caller ID displayed the name "REMAX" and a telephone number not assigned to either Defendant, creating a false impression of the origin and nature of the call.

**75.** The use of inaccurate Caller ID information violates 47 C.F.R. §64.1601(e), which prohibits any person from causing any caller identification service to transmit

misleading or inaccurate information with the intent to defraud, cause harm, or wrongfully obtain anything of value.

**76.**    As held in _Newell v. JR Capital_, 2:25-cv-01419-GAM (E.D. Pa. July 16, 2025), §64.1601(e) was promulgated under 47 U.S.C. §227(c), which provides a private right of action for violations of FCC rules concerning consumer privacy and telemarketing practices.

**77.**    Defendant Ram's use of spoofed Caller ID was intended to increase the likelihood of Plaintiff answering the call and to lend credibility to the solicitation.

**78.**    Defendant REMAX is vicariously liable for the spoofed Caller ID under principles of agency and ratification, as its branding was used and no corrective action was taken.

**WHEREFORE**, Plaintiff demands judgment against Defendants and seeks statutory damages under each count for distinct violations arising from the same calls, without duplicative recovery, as follows:

Plaintiff respectfully requests judgment in the amount of $3,000.00, representing statutory trebled damages of $1,500.00 per call for two (2) telemarketing calls made in

21

violation of 47 C.F.R. §64.1601(e), and such other relief as the Court deems just and proper.

## COUNT IV: <u>CLAIM FOR PUNITIVE DAMAGES</u>

**79.** Plaintiff realleges and incorporates by reference the allegations contained in paragraphs One through Seventy-Eight as if fully set forth herein.

**80.** Defendant Ram's conduct was willful, malicious, and carried out with reckless disregard for Plaintiff's rights under federal and state law.

**81.** Defendant Ram knowingly violated telemarketing regulations, including the use of autodialing technology, spoofed Caller ID, and solicitation to a number listed on the National Do Not Call Registry.

**82.** Defendant REMAX ratified and benefited from the unlawful conduct, failed to implement corrective measures, and permitted its branding to be used in furtherance of the violations.

**83.** The conduct of both Defendants warrants the imposition of punitive damages to deter future violations and to punish egregious disregard for consumer protections.

**84.**    Plaintiff seeks punitive damages in an amount to be determined at trial, and such other relief as the Court deems just and proper.

**WHEREFORE**, Plaintiff demands judgment against Defendants and seeks statutory damages under each count for distinct violations arising from the same calls, without duplicative recovery.

Plaintiff respectfully requests that This Court award punitive damages, separate, aside and in addition to any awards for Counts One through three, in an amount to be determined at trial, based on Defendants' willful and malicious conduct, and grant such other relief as This Court deems just and proper.

### PRAYER FOR RELIEF

Plaintiff respectfully requests that This Court enter judgment in his favor, against Defendants' Ram and Real Estate Limited, Inc., d/b/a REMAX of Oradell, and award the following relief:

> **(a)** Award Plaintiff Statutory damages pursuant to Count One; 47 U.S.C. 47 U.S.C. §227(c)(5) and its implementing regulation 47 C.F.R. §64.1200(c) for each unsolicited telemarketing call initiated to a

phone number listed on the FTC No-Call Registry since 2003;

(b) Award Plaintiff Treble damages pursuant to 47 U.S.C. §227(b)(3)(C) for each call knowingly or willfully initiated;

(c) Award Plaintiff Treble damages pursuant to Count Two; 47 U.S.C. §227(b)(1)(B) for each call knowingly or willfully initiated using an autodialer without obtaining plaintiffs prior express consent to do so.

(d) Award Plaintiff Treble damages pursuant Count Three, from the Defendants intentional manipulation and incorporation of misleading Caller ID into each call, in violation of (47 C.F.R. §64.1601(e)). Plaintiff seeks statutory trebled damages under each count for distinct violations arising from the same calls, without duplicative recovery.

(e) Award Plaintiff Punitive damages in addition to the forgoing, separate and aside pursuant to the Defendants wanton, willful and intentional pursuit of financial gain through the knowing use of both Federal and State prohibited telemarketing proscriptions.

**(f)** Award Plaintiff Injunctive relief pursuant to 47 U.S.C. §227(b)(3)(A), to prevent and remedy any future violation by the Defendants' or either of them, of any provision of law enforced by the FCC or New Jersey State Law that protects Plaintiff.

**(g)** Award Plaintiff Costs and reasonable fees pursuant to applicable law;

**(h)** Award Plaintiff Such other and further relief as the Court deems just and proper.

Plaintiff reserves all rights to amend this Complaint to assert additional claims or legal theories, including those arising under applicable State Law, should further factual development warrant such relief.

Plaintiff further affirms that supporting documents, records, and exhibits relevant to the claims set forth herein, will be produced in accordance with applicable discovery rules and scheduling directives issued by This Court.

Respectfully submitted:
*/s/ Richard M. Zelma*
Richard M. Zelma
DATED: August,10, 2025

**RULE 4:5-1 CERTIFICATION**

Pursuant to the requirements of R. 4:5-1, I certify that the matter in controversy is not the subject of any other Court or Arbitration proceeding, nor is any other Court or Arbitration proceeding contemplated. No other parties should be joined in this action.

By: ***/s/ Richard M. Zelma***
RICHARD M. ZELMA, *pro se*
Dated: August,10, 2025

# Exhibit B

RICHARD M. ZELMA
Richard M. Zelma, *Pro Se*
940 Blanch Avenue
Norwood, New Jersey 07648
<u>TCPALAWRZ@gmail.com</u>
Tel: 201 767 8153

| | |
|---|---|
| **RICHARD M. ZELMA PLAINTIFF**<br>**VS.**<br>**AARON L. RAM, INDIVIDUALLY; and d/b/a, RE/MAX and ASSOCIATED BRANDED OPERATIONS;**<br>**and**<br>**REAL ESTATE LIMITED, INC., d/b/a REMAX of ORADELL,**<br><br>**DEFENDANTS'** | **SUPERIOR COURT OF NEW JERSEY**<br><br>**BERGEN COUNTY**<br>**LAW DIVISION**<br><br>**DOCKET NO.: BER-L- 5478-25**<br><br>**AFFIDAVIT OF SERVICE UPON; REAL ESTATE LIMITED, INC., d/b/a REMAX of ORADELL** |

### <u>PLAINTIFF'S DECLARATION OF SERVICE BY CERTIFIED AND REGULAR MAIL</u>

I, Richard M. Zelma, declare:

1.    I am the plaintiff in this action and over the age of 18.

2.    Upon diligent research and inquiry, I attempted to identify and personally serve the broker of record for RE/MAX , located at 297 Kinderkamack Rd, Oradell, N.J. 07649.

3.    My efforts included direct contact with the Oradell office, which refused to respond to a Postal service or email request to confirm the broker's identity, to that displayed on the organizations website.

4.    A follow-up with RE/MAX Corporate Headquarters, provided information that conflicted with the website information or conflicted with the official records of the New Jersey Real Estate Commission.

5.    Having performed my due-diligence and unable to effect personal service despite these efforts, I caused true and correct copies of the Summons and Complaint to be placed in sealed envelopes, addressed to the Oradell N.J. office, to be delivered to the registered agent or office manager, and served as follows:

•    Certified Mail, Return Receipt Requested (USPS Tracking No. 9589071052701695386766), delivered on August 18, 2025 and signed for and accepted by an employee of the Oradell office; O'Connor.

1

**Zelma V. Ram & REMAX**
**Docket No.: BER-L- 5478-25**

• First-Class Mail, postage prepaid, deposited with the United States Postal Service on the same date, which was delivered and not returned as undelivered, refused or wrong party.

6. This method of service was undertaken in accordance with NJ Court Rule: R. 4:4-4(b)(1)©; permitting service by certified and regular mail when personal service cannot be accomplished with reasonable diligence.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 4, 2025 in Norwood New Jersey

By: */s/ Richard M. Zelma*

RICHARD M. ZELMA, *pro se*

Dated: September 4, 2025

Attachments:

USPS Certified Mail receipt/ confirmation/green card.

**Zelma V. Ram & REMAX**
**Docket No.: BER-L- 5478-25**