**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **Richard M. Zelma**<br><br>**Plaintiff**<br><br>**Vs.**<br><br>**AARON L. RAM, INDIVIDUALLY;**<br>**and d/b/a, RE/MAX and ASSOCIATED**<br>**BRANDED OPERATIONS;**<br>**and**<br>**REAL ESTATE LIMITED, INC., d/b/a**<br>**REMAX of ORADELL,**<br>　　　　　　**Defendants'** | **UNITED STATES DISTRICT COURT**<br>**FOR THE DISTRICT OF NEW JERSEY**<br><br>**CASE:. 2:25-cv-15701-EP-JSA**<br><br>**PLAINTIFF RICHARD M. ZELMA**<br>**COMPLIES TO DOCKET ORDER-12**<br>**AND RESPONDS TO DEFENDANTS**<br>**DE-7 REQUEST TO FILE A 12(C)**<br>**MOTION**<br><br>**Return Date: Nov. 4, 2025** |

**TO: THE HONORABLE JUDGES OF THE UNITED STATES**
**DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

**PLAINTIFF'S REPLY AND RESPONSE TO THE**
**COURTS D.E.-12 ORDER AND DEFENDANTS' LETTER (D.E. 7)**

Dear Judge Padin:

Thank You for allowing me the opportunity to reply to the Defendants DOC–7 letter response. Please accept this letter reply in lieu of more formal submission.

I write in response and first address Defendants' October 1, 2025 letter (D.E. 7), as directed by the Court's October 20, 2025 Text Order, DE-12. Following, I shall point out several inconsistencies and defects in that letter from Attorney Schwartz.

Respectfully, I submit the following:

As an initial observation and contrary to each of counsels assertions, I respectfully point to and raise the municipality of misleading and/ or factually incorrect claims attorney Schwartz makes.

To start: Defendants cite _Sikkelee v. Precision Airmotive Corp._, 731 F. Supp. 2d 429 (M.D. Pa. 2010), a products-liability case involving aviation preemption. That case has no connection to the TCPA or consumer protection statutes at issue here. The only portion Defendants borrow from that is the general Rule 12(c) standard, which is not in dispute. The real question is whether removal was proper and whether the pleadings here present factual disputes that cannot be resolved, absent discovery.

Counsel further asserts; "_The record will show that Plaintiff attempted to manufacture this claim by calling Defendants,_". The only thing Plaintiffs concrete evidence will show is that Defendant Ram initiated 6 calls to Plaintiff on each of the two dates alleged in the complaint.[1]

With respect to Counsels Caller ID claim: "_in the Complaint, Plaintiff concedes that Defendants identified the company name (REMAX) and that he was able to identify a number to call back, which he did in fact callback._" This claim is spurious. Counsel makes an inaccurate characterization of the allegation. Considering the defense will have to prove a record of calls received by Mr. Ram from Plaintiff, prior to the dates alleged in the Complaint, Plaintiff leaves the defense to their proofs.

Plaintiff did not concede the accuracy of defendants use of Caller ID. Instead, Plaintiff raised the issue from defendant Rams own admission where "he initiated the calls using a Google Voice number through contract with

---

[1]     At the time of the State Court filing, Plaintiff subpoenaed MoJo Dialing services and received Cal Detail Records illustrating where Ram actually initiated 6 repetitive calls on each of the two dates alleged in Plaintiffs Complaint, and not the one call each day as originally suspected. **_See:_** Plt EX-6.

MoJo Dialing Service, where the name "REMAX" was falsely entered into Caller ID data as the originating caller.

Except for allowing Mr. Ram to operate unlawfully under defendant REMAX of Oradell's license, the REMAX name had absolutely nothing to do with the initiation of the subject calls. Ram initiated the calls from what was believed to be his home. Through the use of an automated dialing device owned by MoJo, the numbers appearing on caller ID were not subscribed to by REMAX but rather Google (Grand Central). The subject calls initiated from Mendham New Jersey, not Oradell, through local exchange carrier Bandwidth LLC−NJ. Therefore, Schwartz Caller ID claim was completely false and intentionally misleading.

Last, Attorney Schwartz argues the CFA, citing *Bosland v. Warnock Dodge, Inc.*, 197 N.J. 543 (2009). That case actually underscores the broad, remedial purpose of the Consumer Fraud Act. The Court there rejected efforts to narrow the statute and confirmed that even modest or statutory harms qualify as an 'ascertainable loss.' Plaintiff's claims here fall well within that framework.

## I.    PROCEDURAL DEFECTS IN THE NOTICE OF REMOVAL

Defendants' request to proceed on a Rule 12(c) motion (D.E. 7; see also D.E. 8) is premature. The Court should first determine whether removal was proper. Until the procedural defects in the Notice of Removal are resolved, any merits disposition is inappropriate.

## II.    CONSENT OF ALL DEFENDANTS

- Required written consent was absent (Notice ¶13; Ex. B): RE/MAX was served on August 18, 2025 (Exhibit B to the Notice of Removal). REMAX written consent was required but never filed. The Notice is only signed by Schwartz, stating "*all Defendants have given written notice*

*of the removal.*" Yet no separate written consent from RE/MAX appears on the docket. <u>Counsel's blanket representation is not a substitute for each served defendant's written consent.</u>

- Ram's service timing (clarification): Mr. Ram was not served until September 25, 2025, nine days after removal. His consent was therefore not required at the time of removal. This makes counsel's "*all defendants consented*" statement doubly inaccurate: it implies consent from RE/MAX that does not exist and implies consent from Mr. Ram before he was even served!

- RE/MAX's missing written consent is a procedural defect and the Notice's unanimity claim is inaccurate on its face.

### III.   INTERNAL INCONSISTENCIES AND INACCURACIES IN THE REMOVAL PAPERS

- Impossible dates (Notice ¶1): The Notice states the action was "commenced" on August 24, 2025 but also states service occurred on August 18, 2025. Service cannot precede filing. The Complaint is dated August 10, 2025 and appears as Exhibit A to the Notice. This mismatch undermines the reliability of the removal record and Ms. Schwartz's statements.

- Misstatement of residence (Notice ¶2): The Notice lists Mr. Ram as residing in Forest Hills, New York. Ram was located and served in New Jersey. Accuracy in removal papers is not optional.

- Overstatement of jurisdiction (Notice ¶10): The Notice recites federal-question jurisdiction in general terms but omits that the Complaint reserved the right to proceed under New Jersey law and noted that TCPA claims may be adjudicated in State Court (Complaint ¶10). That omission overstates jurisdiction.

4

- Incomplete certification (Notice ¶12): The Notice certifies that all state-court pleadings were annexed. The actual record reflects gaps; not all filings were included or served. Signed certifications should match the record. *SEE also*: **IV below.**

- Unanimity statement (Notice ¶13): Counsel's statement that *"Defendants have given written notice of the removal"* is not supported by any separate written consent from RE/MAX, and could not have included Mr. Ram at that time.

Together, these inaccuracies, each signed, sworn to and filed by counsel, undercut the reliability of her removal papers.

### IV.    FAILURE TO SERVE PLAINTIFF WITH FILINGS

Defense counsel represented where Plaintiff would be copied on filings. In practice, certain documents counsel certified as served were not provided to Plaintiff; They were discovered by searching PACER. A *pro se* litigant should not be required to monitor PACER to obtain documents that opposing counsel is obligated to serve directly. While not jurisdictional, this reinforces the pattern of procedural missteps and questions reliance on counsel's assurances.

### V.    DEFENDANTS' DOC-7 AND DOC-8 LETTERS

- Rule 12(c) posture (DOC-7 and DOC-8): Defendants ask to file a Rule 12(c) motion and also seek to adjourn the Rule 16 conference. Jurisdiction must be decided first. Their "manufactured claim" assertion is a factual dispute, not a pleading defect, and requires discovery rather than a pleadings-only resolution.

- Caller ID and TCPA framing in DOC-7: Defendants argue the caller ID claim fails because the company name and a callback number were

visible. If that were specifically accurate, there would be no argument. Plaintiffs Complaint explains that the displayed number was <u>not assigned</u> to either Defendant Ram or Remax of Oradell and the branding (Display) created a misleading impression. In the telemarketing industry, well known brand names are an essential tool in grabbing a potential customers attention. With RE/MAX being a popular real estate brand, Mr Ram would have an advantage of his calls being answered due to the popularity of the RE/MAX name as opposed to using his own name. Whether the display complied with the identification rules is a merits dispute, not appropriate on a premature Rule 12(c) path.

## VI.   **DEFENDANTS' ANSWER (DOC-5) HIGHLIGHTS**

- Admissions consistent with the Complaint: Defendants admit in part, that they "utilize the services of Mojo Power Dialing" (Answer ¶23). That aligns with the Complaint's allegation that Mr. Ram used the Mojo platform which supports the scope of the auto-dialing claim.

## VII.   **NOTES ON EXHIBITS ALREADY FILED**

- References to prior filings: Where Plaintiff reference the Complaint (Exhibit A to the Notice) and the Affidavit of Service (Exhibit B), those materials are already on file.

Respectfully submitted,
*/s/ Richard M. Zelma*

940 Blanch Avenue
Norwood, NJ 07648

Tel: (201) 767-8153
Email: TCPALAWRZ@gmail.com

Dated: October 22, 2025

6

## CERTIFICATION

I certify under penalty of perjury that the foregoing statements made by me are true and correct. I understand that if any of the foregoing statements are willfully false, I am subject to punishment.

I further certify that the within document was filed this day through The Courts ADS system to be distributed to all parties subscribed to The Courts ECF filing system. An additional copy was emailed this day to the office of attorney Schwartz.

Respectfully submitted,
**_/s/ Richard M. Zelma_**

940 Blanch Avenue
Norwood, NJ 07648

Tel: (201) 767-8153
Email: TCPALAWRZ@gmail.com

**Dated: October 22, 2025**