<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RICHARD M. ZELMA, | |
| Plaintiff, | No. 25cv15701 (EP) (JSA) |
| v. | **MEMORANDUM ORDER** |
| AARON L. RAM and RE/MAX REAL ESTATE LIMITED, INC., | |
| Defendants. | |

**PADIN, District Judge.**

In this action, *pro se* litigant Richard M. Zelma brings a variety of claims under both federal and state laws related to two unwanted calls he received from Defendant Aaron L. Ram, a real estate agent working for Defendant RE/MAX Real Estate Limited, Inc. ("RE/MAX"). D.E. 1, Ex. A ("Complaint" or "Compl.").

After Plaintiff commenced this action in the Superior Court of New Jersey, Bergen County, Law Division, Defendants removed the case to this Court. D.E. 1 ("Notice of Removal"). Plaintiff now moves to remand the case back to state court, pursuant to 28 U.S.C. § 1447(c). D.E. 10-3 ("Remand Motion" or "Remand Mot.").[1] Defendants oppose the Remand Motion. D.E. 11 ("Remand Opposition" or "Remand Opp'n"). Plaintiff replies. D.E. 13 ("Remand Reply").

---

[1] The Court refers to Plaintiff's brief in support of his Remand Motion as his motion. The notice of motion is filed at D.E. 10.

While the Remand Motion was pending, Defendants moved for judgment on the pleadings. D.E. 21-5 ("JP Motion" or "JP Mot.").[2]  Plaintiff opposes.  D.E. 22 ("JP Opposition" or "JP Opp'n").  Defendants reply.  D.E. 25 ("JP Reply").

The Court decides both motions without oral argument.  *See* Fed. R. Civ. P. 78; L. Civ. R. 78.1(b).  For the reasons explained below, the Court will **DENY** the Remand Motion and will **GRANT in part** and **DENY in part** the JP Motion.

I.      **BACKGROUND**

A.      **Factual Background**

On May 22, 2025, and June 6, 2025, Plaintiff received two calls from Ram.  Compl. ¶ 15. Though Plaintiff did not initially answer these calls, he returned the June 6, 2025, call and spoke to Ram for about 20 minutes.  *Id.* ¶ 20.  Ram identified himself as a New Jersey real estate agent affiliated with RE/MAX and claimed to provide a service to assist those in the process of selling homes.  *Id.* ¶¶ 15, 20. Ram then asked whether Plaintiff was interested in selling his home.  *Id.* ¶ 15.  Ram did not disclose whether he was acting as a referral agent, lead generator, investor, or listing agent.  *Id.* ¶ 16.  Plaintiff did not have a prior business relationship with Defendants.  *Id.* ¶ 17.

During this phone conversation, Ram apparently told Plaintiff that the calls were placed using the "Mojo Power Dialing platform."  *Id.* ¶ 21.  According to Plaintiff, Ram's calls displayed inaccurate Caller ID information, including a number displaying "REMAX," but that was registered to "Google (Grand Central), not to Ram."  *Id.* ¶ 22.  In other words, RE/MAX did not initiate the calls—*i.e.*, Ram placed them using Google-sourced numbers.  *Id.* ¶ 23.  When asked whether he knew Plaintiff's number was on the National Do-Not-Call List," Ram stated that Mojo

---

[2] The Court refers to Defendants' brief in support of the JP Motion as their motion.  The notice of notion is filed at D.E. 21.

2

Power Dialing was responsible for scrubbing such numbers, but then later told Plaintiff that he was unsure whether this scrubbing had occurred.  *Id.*

Shortly after this call, Plaintiff sent multiple emails to RE/MAX, including broker/owners identified from RE/MAX Corporate and through the New Jersey real estate registry.  *Id.* ¶ 26.  To date, Plaintiff has received no response.  *Id.* ¶ 26.

**B.    Procedural History**

On August 10, 2025, Plaintiff filed the Complaint in the Superior Court of New Jersey, Bergen County, Law Division.  Compl.  Based on the above conduct, Plaintiff asserts claims for: (1) unlawful telemarketing to a number listed on the National Do-Not-Call Registry in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c)(5)(C) and 47 C.F.R. § 64.1200(c); (2) violations of TCPA § 227(b)(1)(B) and 47 C.F.R. § 64.1200(a)(3) for "TCPA autodialer use without consent"; (3) the use of inaccurate caller identification in violation of 47 C.F.R. § 64.1601(e); and (4) punitive damages.  *Id.* ¶¶ 55–84.  And although they are not included within the counts of the Complaint, Plaintiff also references "relevant New Jersey statutes" including N.J.A.C. § 13:45D-4.1, N.J.S.A. § 2A:156A-4, and two sections of the Consumer Fraud Act, N.J.S.A. §§ 56:8-128(b) & (d).  *Id.* ¶ 1.

Defendants filed the Notice of Removal on September 16, 2025.  *See* Dkt.  After the Court prompted Defendants to answer the Complaint in accordance with Federal Rule of Civil Procedure 81(c)(2), D.E. 3, Defendants filed their answer, D.E. 5 ("Answer").

On October 3, 2025, Plaintiff filed the instant Remand Motion.  Defendants opposed the Remand Motion on October 17, 2025, and Plaintiff filed his reply brief on October 23, 2025.

While the Remand Motion was pending, Defendants filed their JP Motion on February 4, 2026.  Plaintiff filed his JP Opposition on February 11, 2026, and Defendants filed their JP Reply on March 2, 2026.

3

## II.    REMAND MOTION

### A.    Removal Was Proper

United States district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A defendant may remove to federal court a civil action originally filed in state court if the federal court may exercise original jurisdiction over the matter. 28 U.S.C. § 1441(a). After removal, a plaintiff may move to remand the case if the removal was defective, including that removal was untimely, or the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); *see also Korea Exch. Bank, New York Branch v. Trackwise Sales Corp.*, 66 F.3d 46, 48 (3d Cir. 1995). The removal statute is "strictly construed against removal and all doubts should be resolved in favor of remand." *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987) (citation omitted). The removing party bears the "burden of showing that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007).

*Trinity Life Ins. Co. v. 248 Brynmore Rd LLC*, No. 23-20548, 2024 WL 3070205, at *3 (D.N.J. June 20, 2024).

Procedurally speaking, to remove an action to federal court, a party must file "a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure," which contains "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). The notice of removal must be filed within 30 days after receipt by or service on that defendant of the initial pleading or summons, whichever period is shorter. 28 U.S.C. § 1446(b)(1). When a civil action is removed pursuant to 28 U.S.C. § 1446(a), all properly joined and served defendants must join in or consent to the removal. 28 U.S.C. § 1446(b)(2)(A).

"As the [parties] asserting federal jurisdiction by way of removal, [Defendants] bear[] the burden of establishing that subject matter jurisdiction exists at all stages in which the case is properly before the federal court." *Citigroup Mortg. Loan Tr. 2021-A v. Adams*, No. 25-14231, 2025 WL 4632824, at *3 (D.N.J. Oct. 10, 2025), *report and recommendation adopted*, No. 25-14231, 2026 WL 642113 (D.N.J. Mar. 6, 2026) (citing *Samuel-Bassett v. KIA Motors Am., Inc.*,

4

357 F.3d 392, 396 (3d Cir. 2004)).  "District courts have federal question subject matter jurisdiction over 'all civil actions arising under the Constitution, laws, or treaties of the United States.'"  *Id.* (quoting 28 U.S.C. § 1331).  Indeed, for a claim to arise under federal law, the complaint "must establish 'either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of substantial question of federal law.'"  *Id.* (quoting *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 27-28 (1983)).

Here, Defendants have met their burden.  Plaintiff brings claims under the TCPA, a federal statute.  Therefore, the Court has original jurisdiction over this action.  In addition, it appears that Defendants have timely complied with the procedural removal requirements—Defendants removed this action to federal court within 30 days of Plaintiff's filing in state court and filed a proper notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.  *See* Notice of Removal.

Next, the Court will consider whether any of Plaintiff's arguments to the contrary establish that Defendants' removal was defective in any meaningful respect, such that remand is warranted.

## B.    There Is No Basis to Remand

Plaintiff's Removal Motion hinges on four alleged defects in the removal papers, including omissions and misstatements in the Notice of Removal, misstatements in Defendants' Rule 12(c) letter request,[3] and procedural prejudice.  None undermine removal.

---

[3] Defendants' Rule 12(c) letter requests permission to seek dismissal of the Complaint.  D.E. 7. On January 5, 2026, the Court issued a text order allowing Defendants to proceed with filing their Rule 12(c) motion.  D.E. 20.  Thus, the Court will consider such arguments when analyzing Defendants' Judgment on the Pleadings Motion.  JP Mot.  The alleged misstatements in Defendants' Rule 12(c) letter have no bearing on whether removal was proper because they do not undermine the jurisdiction of this Court, nor do they constitute a procedural defect in the Notice of Removal.

*First*, Plaintiff notes that the Notice of Removal states that Ram resides in Forest Hills, New York, but Ram actually lives in New Jersey. Remand Mot. at 3. Defendants concede that Ram no longer resides in Forest Hills. Remand Opp'n at 1. In fact, Defendants previously acknowledged this. Answer ¶ 4. Regardless, diversity is not the basis for this Court's jurisdiction over this action; rather, the Court has federal question jurisdiction given Plaintiff brings claims under the TCPA, a federal law. *See* 28 U.S.C. § 1331. It is therefore of no moment where Ram resides. In a similar vein, the fact that the Complaint states that Plaintiff "reserved the right to proceed under New Jersey law" and that Plaintiff "noted that TCPA claims may be adjudicated in State Court" have no bearing on this Court's analysis. Remand Reply at 4. Put simply, because Plaintiff asserts causes of action under federal law, Defendants have the right to remove the case to federal court. *See* 28 U.S.C. § 1441(a) (providing that a civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed to federal court). In sum, the misstatement over Ram's residence is irrelevant.

*Second*, Plaintiff asserts that the Notice of Removal does not include the consent of all served Defendants. Remand Mot. at 3. Plaintiff is correct that when an action is removed to federal court, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). But Plaintiff is wrong that not all Defendants have provided consent here. Ms. Stefani C. Schwartz, Esq.—attorney for *both* named Defendants, Aaron L. Ram and RE/MAX—filed the Notice of Removal on behalf of both Defendants. The Court need not look further than the first sentence of the Notice of Removal itself, which states that "Defendant**s**" have filed the Notice of Removal. Notice of Removal at 1 (emphasis added); *see* D.E. 1-2 (stating that Defendants Aaron L. Ram and RE/MAX Real Estate Limited filed a Notice of Removal). Each Defendant is not required to file a separate notice of

removal; instead, all that is required is that all defendants in a case "join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

*Third*, Plaintiff disputes the assertion that "Defendants have given written notice of the removal to the Plaintiff." Remand Mot. at 3. Perplexingly, Plaintiff then states in the next sentence that he "received both the deficient Rule 11 letter and the Notice of Removal by email and U.S. Mail." *Id.* Thus, the Court gives Plaintiff's assertion that he did not receive the Notice of Removal no weight whatsoever. Plaintiff also asserts that he was not served with Defendants' Answer or other subsequent filings, and only discovered them by monitoring the docket. *Id.* But whether Defendants served their Answer on Plaintiff is not germane to whether Defendants' *removal* was proper. Again, to remove this action, Defendants were required to file a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure with a copy of all process, pleadings, and orders served upon them *prior to* removal. 28 U.S.C. § 1446(a). These required documents do not include Defendants' subsequently filed Answer. For this reason, the Court does not find that Defendants have failed to properly provide written notice to Plaintiff of any required document.[4]

*Fourth*, Plaintiff notes that Defendants have provided inaccurate and inconsistent dates in the Notice of Removal, including the date the action commenced, the date of service, and the date the Complaint was filed. Remand Reply at 4. However, these errors are not fatal to the adequacy

---

[4] Throughout his filings, Plaintiff repeatedly argues that Defendants have engaged in "a selective approach to service," Remand Mot. at 5, but Plaintiff has not provided support for his contention that Defendants failed to serve him any documents required for removal. The only specific filing which Plaintiff identifies as not being served on him was Defendants' Answer. *Id.* But for purposes of determining the adequacy of removal, it is irrelevant whether Defendants did serve Plaintiff with the Answer. *See* 28 U.S.C. § 1446(a). All that matters is that Defendants serve Plaintiff with the filings they must under the relevant removal rules—which Defendants have successfully done.

of the removal itself.  Notice of Removal ¶ 1; *see, e.g., Durnell v. Foti*, No. 19-2972, 2019 WL 4573247, at *2 (E.D. Pa. Sept. 20, 2019) (holding that listing the wrong date of service in the original notice of removal did not preclude removal where, in fact, the defendant filed the notice within the 30-day limit and was thus timely under the rules).  The correct dates do not reveal, for example, that removal was untimely.

In sum, the Court concludes that Defendants properly removed this action to federal court, and Plaintiff has failed to show how removal was improper.  Therefore, the Court will **DENY** Plaintiff's Remand Motion.

## III.    JP MOTION

### A.    Legal Standard

Any party may move for judgment on the pleadings "[a]fter the pleadings are closed but within such time as not to delay trial."  Fed. R. Civ. P. 12(c).  "The pleadings are 'closed' after the complaint and answer are filed, along with any reply to additional claims asserted in the answer." *Pinto v. St. Paul Fire & Marine Ins. Co.*, No. 23-2926, 2024 WL 3471135, at *2 (D.N.J. July 19, 2024) (quoting *Horizon Healthcare Servs., Inc. v. Allied Nat'l Inc.*, No. 03-4098, 2007 WL 1101435, at *3 (D.N.J. Apr. 10, 2007)).

Judgment on the pleadings is proper where the movant demonstrates "that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law."  *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (quoting *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290-91 (3d Cir. 1988)).  "When a motion under Rule 12(c) is based on a plaintiff's failure to state a claim upon which relief can be granted, it is reviewed under the same standard as a 12(b)(6) motion to dismiss." *Maryland Cas. Co. v. Johnson Servs., LLC*, 61 F. Supp. 3d 461, 463 (D.N.J. 2014) (citing *Turbe v. Gov't of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991)).  Thus, while the court must accept as true all allegations in the complaint, it "is not required

8

to accept sweeping legal conclusions cast in the form of factual allegations, unwarranted inferences, or unsupported conclusions." *Id.* (citations omitted). To survive dismissal, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

> Moreover, as with a Rule 12(b)(6) motion, in deciding a Rule 12(c) motion, the court generally does not consider matters outside the pleadings. *Mele v. Federal Reserve Bank of New York*, 359 F.3d 251, 257 (3d Cir. 2004). The court, however, may consider matters of public record, orders and exhibits attached to the complaint. *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994). *See also Lo Sacco v. City of Middletown*, 745 F. Supp. 812, 814 (D. Conn. 1990); 5B Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 2004).

*Horizon Healthcare Servs., Inc.*, 2007 WL 1101435, at *3.

**B.     Analysis**

Congress created the TCPA in response to the growing number of telemarketing calls and faxes that tied up emergency cell phone lines. 27 FCC Rcd. 15391. The TCPA applies to both voice calls and text messages. *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265, 269 n.2 (3d Cir. 2013) (citations omitted). Congress provided the public with the right to sue if they received more than one telephone call or text within any 12-month period by or on behalf of the same entity in violation of the TCPA. 47 U.S.C. § 227(c)(5).

Additionally, the TCPA empowers the Federal Communications Commission ("FCC") to promulgate regulations regarding "the establishment and operation of a single national database to compile a list of telephone numbers of residential subscribers who object to receiving telephone solicitations[.]"  47 U.S.C. § 227(c)(3).  Pursuant to this authority, the FCC has established regulations that prohibit a person from initiating a telephone solicitation to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry[.]" 47 C.F.R. § 64.1200(c)(2).  The regulations also prohibit a person from initiating a telemarketing call to "a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls[.]" 47 C.F.R. § 64.1200(d).  Among other things, the person "must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted." 47 C.F.R. § 64.1200(d)(4).

*Champion v. Credit Pros Int'l Corp.*, No. 21-10814, 2023 WL 3452354, at *2 (D.N.J. May 15, 2023).  Against this backdrop, the Court proceeds to consider Plaintiff's claims.

> 1.    *Count I:  Violations of 47 U.S.C. § 227(c)(5)(C) and 47 C.F.R. § 64.1200(c)*

47 U.S.C. § 227(c)(5) "provides a private right of action for violations of the [FCC's] regulations accompanying the TCPA." *Zelma v. Penn LLC*, No. 19-8725, 2020 WL 278763, at *6 (D.N.J. Jan. 17, 2020).  "Pursuant to the TCPA, a claimant is entitled to 'receive[] $500 in damages for each . . . violation.'"  *Marks v. Unique Lifestyle Vacations, LLC*, No. 20-4915, 2023 WL 3294845, at *5 (E.D. Pa. May 5, 2023) (quoting 47 U.S.C. § 227(c)(5)(B)).

To establish a violation of the TCPA, Plaintiff cites to 47 C.F.R. § 64.1200(c).  Under this authority, "[n]o person or entity shall initiate any telephone solicitation to . . . [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry." 47 C.F.R. § 64.1200(c).  The TCPA defines a "telephone solicitation" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of . . . goods, or services, which is transmitted to any person." 47 U.S.C. § 227(a)(4).  Therefore, to state a claim for a violation of 47 U.S.C. § 227(c) based on 47 C.F.R. § 64.1200(c), a plaintiff must plead that: (1) he or she received multiple calls within twelve months; (2) the calls were by or on behalf of

10

the same entity; and (3) the calls were to a residential phone registered on the National Do-Not-Call List. *Deleo v. Nat'l Republican Senatorial Comm.*, No. 21-3807, 2021 WL 5083831, at *9 (D.N.J. Nov. 1, 2021) (citing *Camunas v. Nat'l Republican Senatorial Comm.*, No. 21-1005, 2021 WL 2144671, at *4 (E.D. Pa. May 26, 2021)).

Plaintiff has satisfied this burden. According to the Complaint, Plaintiff received two calls within the same twelve months:  one on May 22, 2025, and one on June 6, 2025. Compl. ¶ 15. Both calls were placed by Ram, who identified himself as a RE/MAX agent, and were made to Plaintiff's residential landline, which was registered on the National Do-Not-Call List. *Id.* ¶¶ 15, 30, 44.

In their JP Motion, Defendants argue that Plaintiff lacks standing to bring this claim. To have standing to sue, a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citation omitted). Defendants assert that Plaintiff does not have standing because he did not suffer a concrete harm or injury, and merely alleges a statutory violation of the TCPA. JP Mot. at 5-7.

"A 'concrete' injury must be '*de facto*'; that is, it must actually exist." *Spokeo*, 578 U.S. at 340. And while "tangible injuries are perhaps easier to recognize . . . intangible injuries can nevertheless be concrete." *Id.* "Congress may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" *Id.* at 341 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 578 (1992)). However, this "does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id.*

11

Applying these principles to the TCPA, the Third Circuit has held that plaintiffs may not simply allege a TCPA violation to satisfy the injury-in-fact requirement of standing. *Leyse v. Bank of Am. Nat'l Ass'n*, 856 F. App'x 408, 410-11 (3d Cir. 2021). Instead, to have a sufficient injury-in-fact to have standing to sue, plaintiffs must allege "one of those injuries that the TCPA is intended to prevent," such as "harm stemming from nuisance, invasions of privacy, and other such injuries." *Id.* at 411 (citations omitted).

The Court finds that Plaintiff has adequately alleged an injury the TCPA is intended to prevent because he complains of harms stemming from nuisance and the invasion of his privacy. *See, e.g.*, Compl. ¶ 53 (alleging that Plaintiff has suffered "unwelcome harassment along with distress and disruption to the household peace"). Courts have held that the receipt of a single robocall is more than sufficient to "plead[] an Article III injury in fact." *Martin v. Bottom Line Concepts, LLC*, 723 F. Supp. 3d 270, 278 (S.D.N.Y. 2024) (first citing *Melito v. Experian Mktg. Sols., Inc.*, 923 F.3d 85 (2d Cir. 2019); then citing *Dickson v. Direct Energy, LP*, 69 F.4th 338, 343-48 (6th Cir. 2023); then citing *Lupia v. Medicredit, Inc.*, 8 F.4th 1184, 1191-93 (10th Cir. 2021)).

In sum, the Court finds Defendants' standing argument unpersuasive, and given its finding that Plaintiff otherwise states a claim on Count I, the Court will **DENY** the JP Motion as to Count I and allow the claim to **PROCEED**.

> 2. *Count II: Violations of 47 U.S.C. § 227(b)(1)(B) and 47 C.F.R. § 64.1200(a)(3)*

The TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party." 47 U.S.C. § 227(b)(1)(B). 47 C.F.R. § 64.1200(a)(3) similarly makes it unlawful "to initiate any telephone call to any residential line using an artificial or prerecorded

voice to deliver a message that includes or introduces an advertisement or constitutes telemarketing without the prior express written consent of the called party." Thus, to properly state a claim for a violation of § 227(b)(1)(B), a plaintiff must plead that (1) the defendant called his residential telephone number, (2) used an artificial or prerecorded voice to deliver a message, (3) did so without the recipient's prior express consent.

Elements one and three are sufficiently pled. Plaintiff alleges that Ram called his residential telephone number twice, Compl. ¶ 15, and that "Defendants neither sought nor obtained prior consent," *id.* ¶ 24.

In the JP Motion, Defendants focus on the fact that the Mojo Dialing system is not an automatic telephone dialing system ("ATDS"). *See* JP Mot. at 7-10. In making this argument, Defendants cite to *Collins v. National Student Loan Program*, 360 F. Supp. 3d 268, 271 (D.N.J. 2018), where the Court determined that a human call initiator system does not constitute an ATDS under the TCPA because the system cannot initiate calls without manual human intervention by a clicker agent. JP Mot. at 8 (citing *id.*). Putting aside that *Collins* was decided on a motion for summary judgment—and that Defendants impermissibly attempt to rely on facts outside the pleadings to make a similar argument at this pre-discovery stage of the case—whether Defendants used an ATDS is immaterial to Plaintiff's claim.

A review of the relevant TCPA provision, 47 U.S.C. § 227(b), makes this clear.

It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States--

(A) to make any call . . . using any automatic telephone dialing system;

(B) to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party.

"[T]he (b)(1)(A) and (b)(1)(B) prohibitions are very different." *Bennett v. GoDaddy.com LLC*, No. 16-3908, 2019 WL 1552911, at *10 (D. Ariz. Apr. 8, 2019).   Relevant here, only (b)(1)(A) prohibits the use of an ATDS.   But Plaintiff has brought his claim under (b)(1)(B). Therefore, it is immaterial whether Defendants used an ATDS; rather, the Court must consider whether Defendants initiated a telephone call to Plaintiff using an artificial or prerecorded voice. After reviewing the Complaint, the Court finds that Plaintiff has failed to allege that Defendants used an artificial or prerecorded voice.  The only "voice" that Plaintiff mentions other than his own is Ram's.   Therefore, Plaintiff fails to state a § 227(b)(1)(B) claim, and the Court will **DISMISS** Count II ***without prejudice***.

> 3.    *Count III:  Use of inaccurate caller identification in violation of 47 C.F.R.* *§ 64.1601(e)*

Under 47 C.F.R. § 64.1601(e), those engaged in telemarketing must transmit certain caller identification information:

> For purposes of this paragraph, caller identification information must include either CPN or ANI, and, when available by the telemarketer's carrier, the name of the telemarketer.  It shall not be a violation of this paragraph to substitute (for the name and phone number used in, or billed for, making the call) the name of the seller on behalf of which the telemarketing call is placed and the seller's customer service telephone number.  The telephone number so provided must permit any individual to make a do-not-call request during regular business hours.

In order to comply with this regulation, the telemarketing call must "include either the CPN or ANI[5] and the name of the telemarketer, or the name and customer service number of the seller that the call is being made on behalf of." *Newell*, 791 F. Supp. 3d at 584 (citing § 64.1601(e)(1)).

---

[5] CPN stands for calling party number, and ANI stands for automatic number identification.  In essence, both include information about a calling party that may accompany calls, depending on the calling system technology used.  *Newell v. JR Cap., LLC*, 791 F. Supp. 3d 571, 584 (E.D. Pa. 2025) (citing 47 C.F.R. § 64.1600(b), (e)).

The Court finds that Defendants properly transmitted such caller identification information.  As Plaintiff has alleged, Ram's calls displayed the company name ("RE/MAX") alongside the number (201) 431-5529, which Plaintiff was able to call and reach Ram, who confirmed his affiliation with RE/MAX.  Compl. ¶¶ 21-22.  Plaintiff's bald assertions of "inaccurate and misleading caller identification information" are insufficient, and, are in fact wrong.  JP Opp'n at 11.[6]  Accordingly, the Court will **DISMISS without prejudice** Count III.

### 4.    *Count IV:  Punitive damages*

Plaintiff also brings a standalone count for punitive damages.  Compl. ¶¶ 79–84.  Defendants argue that there is no independent count for punitive damages under New Jersey law, and therefore, Count IV of the Complaint should be dismissed.  JP Mot. at 18.

The Court is mindful that this is not the first action that Plaintiff has litigated against a party represented by Defense Counsel, and the Court assumes that the parties are familiar with the holdings in those other actions.  Like the last time the parties sparred over this issue before the Undersigned, the Court will again hold that Defendants are correct on this issue.  As explained in *Zelma v. Wonder Group, Inc.*,

> "The Court must dismiss Plaintiff's separate count for punitive damages [] because an independent count for punitive damages is not cognizable." *Smith v. Covidien LP*, No. 19-11981, 2019 WL 7374793, at *10 (D.N.J. Dec. 31, 2019) (citing *DiAntonio v. Vanguard Funding, LLC*, 111 F. Supp. 3d 579, 585 (D.N.J. 2015)). Caselaw in this circuit is clear that punitive damages are "not a substantive cause of action in and of themselves." *Hassoun v. Cimmino*, 126 F. Supp. 2d 353, 372 (D.N.J. 2000).  In other words, while Plaintiff may seek punitive damages relative to his other claims (to the extent they are available for those claims), he may not do so as an independent cause of action.  *Bond v. Solvay Specialty Polymers, USA, LLC*, 583 F. Supp. 3d 643, 654 (D.N.J. 2022).

---

[6] And because 47 C.F.R. § 64.1601(e)(1) does not have a registration requirement, it does not matter that the number at issue is allegedly registered to Google (Grand Central).

No. 25-3232, 2025 WL 2976546, at *9 (D.N.J. Oct. 22, 2025).   Accordingly, the Court will

**DISMISS** *with prejudice* Count IV.[7]

### 1.    New Jersey state claims

Although they are not included within the counts of the Complaint, Plaintiff alleges that

Defendants violated "relevant New Jersey statutes including N.J.A.C. § 13:45D-4.1, N.J.S.A.

§ 2A:156A-4, and the Consumer Fraud Act, N.J.S.A. §§ 56:8-128(b) & (d)." Compl. ¶ 1.  Plaintiff

also appears to allege that Defendants violated N.J.S.A. § 56:8-121(a)-(b).

For starters, N.J. Stat. Ann. § 2A:156A-4 is a statute that concerns exceptions to the New

Jersey Wiretapping and Electronic Surveillance Control Act, N.J. Stat. Ann. § 2A:156A-1-37.

Plaintiff only references the statute once in passing, and in the Court's view, is entirely unrelated

to his claims in this case.  Therefore, the Court will **DISMISS** any claim to the extent it is brought

under § 2A:156A-4.

Next, it appears that Plaintiff is attempting to bring a claim under the New Jersey Consumer

Fraud Act, N.J. Stat. Ann. § 56:8-1 *et seq*.

> The NJCFA proscribes the use of any "unconscionable commercial practice,
> deception, fraud, false pretense, false promise, misrepresentation, or the knowing,
> concealment, suppression, or omission of any material fact with intent that others
> rely upon such concealment, suppression or omission, in connection with the sale
> or advertisement of any merchandise or real estate[.]"  N.J.S.A. § 56:8-2.  To
> establish a *prima facie* claim under the NJCFA, a plaintiff must demonstrate "(1)
> unlawful conduct by the defendant; (2) an ascertainable loss by the plaintiff; and
> (3) a causal relationship between the unlawful conduct and the ascertainable loss."
> *Valli v. Avis Budget Grp., Inc.*, No. 14-6072, 2017 WL 1956777, at *4 (D.N.J. May
> 10, 2017) (citing *Int'l Union of Operating Engineers Local No. 68 Welfare Fund v.
> Merck & Co.*, 192 N.J. 372, 389 (2007)).

---

[7] Although Plaintiff proceeds *pro se*, the Court would be remiss if it did not note that several of
Plaintiff's arguments and filings across cases before the Undersigned have been legally baseless.
Nor does it appear that Plaintiff—and, to a lesser extent, Defense Counsel—incorporate prior
holdings into subsequent cases, or even provide a basis to distinguish prior decisions from the
present.  The Court strongly cautions the parties against continuing to make arguments and assert
claims that have been consistently rejected by this Court.

*Penn*, 2020 WL 278763, at *8. As best as the Court can tell, Plaintiff seeks to meet the first element of his NJCFA claim by arguing that Defendants violated N.J. Admin. Code § 13:45D-4.1, which is part of New Jersey's "Do Not Call Law," N.J.S.A. §§ 56:8-119–132.[8]

However, the Court need not reach the merits of that claim because Plaintiff fails to sufficiently allege an ascertainable loss. As the New Jersey Supreme Court has made clear, to properly state an NJCFA claim, "private plaintiffs . . . must show that they suffered an 'ascertainable loss of moneys or property, real or personal, as a result of the use or employment by another person of any . . . practice declared unlawful under' the [NJCFA]." *Robey v. SPARC Grp. LLC*, 256 N.J. 541, 548 (2024). An ascertainable loss is a "loss that is quantifiable or measurable." *Id.* (quoting *Thiedemann v. Mercedes-Benz USA, LLC*, 183 N.J. 234, 248 (2005)).

Here, Plaintiff has failed to sufficiently allege an ascertainable loss. In fact, the Complaint is bereft of any allegations concerning a quantifiable or measurable loss. Without more, Plaintiff cannot show he suffered a loss that suffices to state a claim under the NJCFA. *See Gutman v. Liberty Bankers Life Ins. Co.*, No. 24-8076, 2025 WL 615128, at *5 (D.N.J. Feb. 26, 2025) (dismissing an NJCFA claim because a conclusory allegation that the plaintiff suffered an ascertainable loss was insufficient to survive a motion to dismiss). Accordingly, the Court will **DISMISS** *without prejudice* Plaintiff's NJCFA claim and all associated alleged violations of New Jersey law.[9]

---

[8] Plaintiff only references these other statutes in passing and does not devote a single count of his Complaint to any of his state law claims. All alleged violations appear to be of provisions predicated on a violation of the NJCFA.

[9] As indicated in this Memorandum Order, Plaintiff has insufficiently pled the ascertainable loss element of a NJCFA claim. And, as noted in *Gutman*, "conclusory allegation[s] [are] insufficient to plead a claim under the NJCFA." 2025 WL 615128, at *5. Plaintiff should replead this claim only if he can allege more than a conclusory allegation concerning his loss.

17

IV.    **CONCLUSION**

For the reasons stated above,

**IT IS**, on this **19ᵗʰ** day of May, 2026,

**ORDERED** that Plaintiff's Remand Motion, D.E. 10, is **DENIED**; and it is further

**ORDERED** that Defendants' Motion for Judgment on the Pleadings, D.E. 21, is **GRANTED in part** and **DENIED in part**; and it is further

**ORDERED** that Defendants' Motion for Judgment on the Pleadings as to Count I of the Complaint, D.E. 1, is **DENIED**; and it is further

**ORDERED** that Defendants' Motion for Judgment on the Pleadings as to Counts II, III, and IV of the Complaint—as well as for Plaintiff's claims brought under New Jersey law—is **GRANTED**; and it is further

**ORDERED** that Counts II, III, and Plaintiff's claims brought under New Jersey law are **DISMISSED** *without prejudice*; and it is further

**ORDERED** that Count IV is **DISMISSED** *with prejudice*; and it is finally

**ORDERED** that Plaintiff may file an Amended Complaint within **45 days** of this Order.[10]

Evelyn Padin, U.S.D.J.

---

[10] As noted throughout this Memorandum Order, Plaintiff appears to lack factual support for several of his claims. The Court cautions Plaintiff to re-plead only those claims he has a good faith basis for believing he can cure the deficiencies outlined *supra* or the Court may dismiss those claims *with prejudice*.

18